THOMSON--HOUSTON ELECTRIC CO. v. JOHNSON CO. et al.

(Circuit Court, W. D. Pennsylvania. January 14, 1897.)

PATENTS--PRELIMINARY INJUNCTION--TRAVELING CONTACTS FOR ELECTRIC RAILWAYS.
The Van Depoele patent, No. 495,443, for improvements in traveling contacts for electric railways, sustained, and preliminary injunction granted, on the strength of prior adjudications.

This was a suit in equity by the Thomson-Houston Electric Company against the Johnson Company and others for alleged infringement of a patent for traveling contacts for electric railways. The cause was heard on a motion for a preliminary injunction.

. Betts, Hyde & Betts, Geo. H. Christy, and Knox & Reed, for complainants. ·

·, Harding & Harding, for defendants.

· ACHESON, Circuit Judge. This suit is upon letters patent No. 495,443, issued on April 11, 1893, to the administrators of Charles J. Van Depoele, for improvements in traveling contacts for electric railways, and the case is before the court upon a .motion for a preliminary injunction. The patent was sustained by Judge Townsend, after exhaustive litigation, in the case of Thomson-Houston Electric Co. v. Winchester Ave. Ry. Co., 71 Fed. 192. The defense based upon the earlier granted Van Depoele patent, No. 424,695, was carefully considered by Judge Townsend, and overruled by him. That conclusion, in accordance with the settled rule, I accept as sound, for the purpose of the present motion.

, The defense most pressed here is the alleged prior use of this improvement at the works of the Daft Electric Light Company, at Greenville, N. J., in the years 1881 and 1882. This same defense was set up to defeat a motion for a preliminary injunction to restrain infringement of this patent in a suit by the Thomson-Houston Electric Company against Albert Anderson and others in the circuit court of the United States for the district of Massachusetts, brought after Judge Townsend's decision sustaining the patent. Leonard S. Dumoulin there deposed that, from 1879 to 1882, he "was employed with Mr. Leo Daft in the capacity of an assistant," at Greenvillé, N. J., and that, in the year 1881, he (Dumoulin) conceived of this improvement, and put it into practice upon a narrow-gauge road at the Daft works, and that it was successfully and openly used there for several months in the electrical propulsion of a box car, and that many people saw this car in operation. Judge Colt overruled this defense and granted a preliminary injunction.

· In the present case Mr. Dumoulin has made an affidavit similar to the one he made in the Massachusetts case, but somewhat fuller; and the defendants have produced affidavits of several other persons, who depose, to their personal knowledge, of the alleged anticipating construction at the Daft works in the years 1881 and 1882. If such a construction as Mr. Dumoulin describes was employed at the Daft works at that time, Leo Daft, by reason of his connection with and presence at the works, must have known of it. Now, in a rebutting affidavit made by Mr. Daft and submitted by the plaintiff, Mr. Daft flatly and specifically contradicts the statements of Mr. Dumoulin with respect to the alleged anticipating use at Greenville. The plaintiff also produces affidavits to the same effect, made by several other persons, who were, at the time in question, connected with the Daft works, and, by reason of their positions and duties, must have had personal knowledge of the alleged anticipating construction, had it existed. These rebutting affidavits are not merely of a negative character, but they contain full, positive, and specific statements of fact in disproof of the statements of Mr. Dumoulin and his fellow witnesses. In my

judgment the decided preponderance of proof is on the side of the plaintiff in this matter.

Having regard, then, to the adjudication by Judge Townsend, a presumption in favor of the validity of this patent should prevail, I think, at this stage of the present case. It is true that this particular defense was not raised in the Winchester Avenue Railway Case. The very omission, however, is significant. That was a warmly-contested case, and it is improbable that this defense would have been overlooked, had the fact been that an openly used, anticipatory construction was in operation at the Daft works, in Greenville, in 1881 and 1882. It is noteworthy that Leo Daft was a witness for the defense in the Winchester Avenue Railway Case.

Infringement by some of the defendants seems to be clear. I do not understand that this is denied as respects the Steel Motor Company. The moving papers justify the conclusion, I think, that the Johnson Company, of Pennsylvania, is involved in the infringement, and also R. T. Lane, by reason of his official connection with these companies. A preliminary injunction will therefore be granted against these three defendants. Let such a decree be drawn.